[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on June 3, 1969 at Milford, Connecticut. They have, resided continuously in this state since that time. There are no minor children issue of this marriage. The evidence presented at trial has clearly established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
This is a marriage of approximately 30 1/2 years. The parties, however, have been separated approximately ten years. The parties' four children are all over the age of 18 years. The plaintiff has a tenth grade education. He was only 17 years of age when he married the defendant who was 21 years old. The plaintiff has been employed at UPS as a mechanic for the past 30 years. The plaintiff is presently earning a gross of approximately $58,000 per year. During the past ten years when the parties lived apart, the plaintiff contributed to the support and maintenance of his wife and four children. For the past few years, the husband has been paying $1200 per month which is the monthly payment on the second mortgage on the marital home CT Page 15679 presently occupied by the wife. Up until 1999, the parties filed a joint tax return, federal and state, and any tax refund was kept by the defendant wife. The defendant was in charge of the family finances when the parties lived together. During the course of the marriage, the plaintiff expended approximately $100,000 of his UPS stock for improvements to the marital home, payment on bills, payment on a motor vehicle and the purchase of timeshares in Florida. The husband claims there was no credit card debt when he left the home.
The defendant wife claims she could not live on the sums her husband gave her, and she accrued credit card debt to maintain herself and her family. The husband gave the wife additional sums from time to time as the wife requested in addition to the tax refund each year. The wife also received a personal injury settlement of $13,000 in 1995 or 1996.
The defendant is approximately 50 years of age. She is a certified nurse's aide and worked as a nurses's assistant for approximately five years at a local convalescent hospital. The defendant is presently employed as a client service representative, earning approximately $26,676 per year. She is being treated for high blood pressure and takes anti-depression medication. The defendant claims her husband did not leave the marital home until January 1993.
The plaintiff husband became involved with another woman with whom he has resided the past six years. The defendant claims this is the reason for the breakdown of her marriage. The plaintiff contends that the marriage became an unhappy one in 1987. The plaintiff claims he left the marital home in 1990 when two of his children had completed high school. The plaintiff met his present companion prior to 1990.
No useful purpose would be served by a review of all the evidence presented in this two day trial. Unfortunately, the parties were unable to resolve their marital difficulties. The husband's finding another woman to share his life was but a symptom of a marriage broken down. However, it would appear, and this court so finds, that the greater fault for the cause of the breakdown must be attributed to the plaintiff.
The plaintiff has offered to turn over to his wife his interest in the marital home, the three timeshares in Florida, one-half of his UPS pension and alimony for 13 years. CT Page 15680
The following orders shall enter:
REAL ESTATE
The plaintiff shall forthwith quitclaim the marital residence located at 71 Quirk Road, Milford, Connecticut to the defendant. The defendant shall be responsible for the first and second mortgages and shall indemnify and hold the plaintiff harmless therefrom.
FLORIDA TIMESHARES
The plaintiff shall transfer his interest in the three Florida timeshares to the defendant forthwith. These timeshares have a value of $15,000 according to the defendant's financial affidavit and are unemcumbered.
PENSION
The Defendant is awarded 50% of the plaintiff's pension, valued as of this date, to be secured to the defendant by means of a ODRO. The Defendant shall be responsible for any costs in connection with the preparation of the ODRO.
STOCK PORTFOLIO
1. UPS Stock
Defendant's exhibit 10 indicated that as of October 31, 1999, the plaintiff had 910 shares of UPS Stock valued at $51.00 per share. The defendant had concerns as to the accuracy of the number of shares and the value thereof. The Defendant's concerns were well founded because as of November 25, 1999 the plaintiff had 1820 shares of UPS Stock valued at $66.1875 per share. This trial commenced on November 10, 1999 and was then continued to November 24, 1999 at which time the trial was concluded.
The Plaintiff shall transfer to the Defendant, 700 shares of his UPS Stock or the cash value of said 700 shares of stock valued at $66.1875 per share as of November 25, 1999.
2. Overseas Partners Ltd. 401(k) Plan
The plaintiff is awarded his Overseas Partners Ltd. and his CT Page 15681 401(k) account and the defendant shall have no claim thereto.
ALIMONY
The plaintiff shall pay to the defendant as alimony the sum of $300.00 per week until the death of the defendant, her remarriage or cohabitation as defined by statute, or the death of the plaintiff. Said payment shall commence one week from date.
Upon the retirement of the plaintiff, there shall be a review of this award of alimony by motion of either party.
COUNSEL FEES
The plaintiff shall pay the sum of $2500. to the defendant as a contribution towards her attorney's fees. Said payment shall be made within 60 days of date.
LIFE INSURANCE
The plaintiff shall continue to maintain $150,000 in Life Insurance as is available through his employment, with the defendant named as irrevocable beneficiary thereon for so long as he has an alimony obligation. This provision shall be modifiable.
TRUST PROPERTY
The plaintiff is awarded his 1/3 interest in property, held in trust, and the defendant shall have no claim thereto.
DEBTS
Each party shall be responsible for the debts as set forth on their respective financial affidavits.
COPPETO, J.